UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

United States of America,
    Plaintiff,

v.

Erik Holman,
    Defendant.

Case No. 2:11-cr-457-JCM-CWH

**Stipulation for Protective Order**

IT IS HEREBY STIPULATED AND AGREED between the undersigned attorneys, that this Court issue an Order protecting from disclosure to the public any discovery documents containing the personal identifying information such as social security numbers, driver's license numbers, dates of birth, or addresses, of victims in this case and any and all documents, emails, and stored information on the computer hardware or software owned by American Family Mutual Insurance Company ("American Family") and previously used by former American Family employee John Provost. Such documents shall be referred to hereinafter as "Protected Documents." The parties state as follows:

    1.    Protected documents are any and all documents, emails, and stored information on the computer hardware or software owned by American Family Mutual Insurance Company ("American Family") and previously used by former employee John Provost, which computer has been made available for examination to the United States by American Family. Many of these

1

Protected Documents may contain personal identifiers, including social security numbers, driver's license numbers, dates of birth, and addresses.

2. American Family agrees to provide Protected Documents without redacting the personal identifiers of victims, with the possible exception of memoranda of interview and tax records that it reserves the right to produce in redacted form.

3. Access to Protected Documents by defendant and by the United States will be restricted to personnel authorized by the Court, namely defendant, members of the defense team and members of the prosecution team (such as attorneys of record and attorneys, paralegals, investigators, experts, and secretaries employed by the attorneys of record and performing services on behalf of defendant or the United States). As such, the following restrictions will be placed on defendant and the above-designated individuals unless and until further ordered by the Court. Defendant, the defense team and the prosecution team and the above-designated individuals shall not:

    a. make copies for, or allow copies of any kind to be made by any other person not assisting the defense team or the prosecution team of Protected Documents, or allow the Protected Documents to be otherwise disseminated;

    b. allow any other person not assisting the defense team or the prosecution team to read Protected Documents; and

    c. use Protected Documents for any other purpose other than preparing to investigate, prosecute or defend against the charges in the Indictment or any further superseding indictment arising out of this case.

4.  Defendant shall not retain any copies of the Protected Documents. If defendant creates any notes that contain any personal identifiers received from the Protected Documents, then defendant's attorney shall retain such notes for defendant.

5.  The defense team and the prosecution team shall inform any person to whom disclosure may be made pursuant to this order of the existence and terms of this Court's order.

6.  The requested restrictions shall not restrict the use or introduction as evidence of discovery documents containing personal identifying information such as social security numbers, driver's license numbers, dates of birth, and addresses during the trial of this matter. Neither shall it prevent the United States from investigating other potential crimes, nor from satisfying any other of its obligations.

7.  Upon conclusion of this litigation, defendant's attorney shall return to counsel for the United States, or destroy and certify to counsel for the United States, the destruction of all discovery documents containing personal identifying information such as social security numbers, driver's license numbers, dates of birth, and addresses within a reasonable time, not to exceed thirty days after defendant has exhausted all appellate rights or rights under 18 U.S.C. § 2255.

Dated March 8, 2013

Respectfully submitted,

_____  
Raquel Lazo, Esq.  
Counsel for defendant

DANIEL BOGDEN  
United States Attorney

_____  
MICHAEL CHU  
Assistant U.S. Attorney

Michael Chu  
2013.03.11 11:53:37 -07'00'

3

## ORDER

IT IS SO ORDERED this  11th  day of _____March_____ 2013.


_____
UNITED STATES MAGISTRATE JUDGE